IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK J. VALENTIC,<br><br>    Plaintiff,<br><br>    vs.<br><br>OMAHA PUBLIC POWER DISTRICT, (OPPD Management); OMAHA PUBLIC POWER DISTRICT BOARD MEMBERS, LAW OFFICE OF SHELDON M. GALLNER, P.C., LAW OFFICE OF MELANY S CHESTERMA, ANDERSON, FERGUSON & ACIERNO, LAW OFFICE OF MELANY S CHESTERMAN - O'BRIEN WITH HAUPTMAN, O'BRIEN WOLF &AMP; LATHROP, P.C, JAMES L QUINLAN, SARA L. MCGILL, ATTORNEYS AT LAW WITH FRASER STRYKER, P.C., L.L.O. REPRESENTING OMAHA PUBLIC POWER DISTRICT, MELANY O'BRIEN, SHELDON GALLNER,<br><br>    Defendants. | 8:13CV131<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the defendant Omaha Public Power District's (including OPPD board members James Quinlan and Sara McGill) motion to dismiss, Filing No. 13; Sheldon Gallner, and Law Office of Sheldon Gallner motion to dismiss, Filing No. 21; and the motion to dismiss by defendants Melany S. O'Brien and Law Office of Melany Chesterman-O'Brien Law Offices and Anderson, Ferguson & Aserno (sic), Filing No. 28. Before the court also is plaintiff Rick J. Valentic's motion to reconsider, Filing No. 40, this court's order, Filing No. 39, granting the motion to dismiss filed by the Nebraska Equal Opportunity Commission, the U.S. Equal Employment Opportunity Commission, and the Nebraska Workers' Compensation Court.

## BACKGROUND

This court recently addressed motions to dismiss in this case regarding other defendants. See Filing No. 39. In that regard, the court reiterates the facts as set forth in that Memorandum and Order: Omaha Public Power District (OPPD) hired plaintiff in 1992 and terminated him in 1999. In 1999, plaintiff filed a claim with the EEOC against OPPD alleging discrimination under the American with Disabilities Act. In 2000, plaintiff filed a claim of discrimination with the NEOC and amended the charge to also include age discrimination. The NEOC issued a finding of no discrimination. The EEOC then dismissed the charges and adopted the findings of the NEOC. The EEOC issued a right-to-sue letter, indicating to the plaintiff that he had to file a lawsuit within 90 days. Plaintiff did not do so. On April 23, 2013, however, plaintiff filed this lawsuit and sued the EEOC, the NEOC, OPPD, the Nebraska Workers' Compensation Court, attorneys, law firms and OPPD board members.

## STANDARD OF REVIEW

### A. Failure to State a Claim

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Twombly, 550 U.S. at 558, 556; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). Twombly, 550 U.S. at 558; Iqbal, 556 U.S. at 679.

The court must construe the allegations of a pro se plaintiff liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, a pro se plaintiff must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp., 550 U.S. at 569-70; Iqbal, 556 U.S. at 680.

**B.  Subject Matter Jurisdiction**

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction. Gebhardt v. ConAgra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)). In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Id. This court is "free to weigh the evidence and satisfy itself as to the

4

existence of its power to hear the case" in a factual jurisdictional challenge. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims. *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.* at 730.

## DISCUSSION

### Motion to Reconsider, Filing No. 40

Plaintiff moves this court to reconsider its previous order granting motions to dismiss the NEOC, EEOC, and the Nebraska Workers' Compensation Court. The court has reviewed plaintiff's motion and finds it is without merit. Accordingly, the court will deny plaintiff's motion.

### Motions to Dismiss, Filing Nos. 13 and 21 and 28

1. *Filing No. 13*

Omaha Public Power District defendants (including OPPD board members James Quinlan and Sara McGill) move to dismiss this case against them pursuant to Fed. R. Civ. P. 12(b)(1). These defendants argue that the court lacks subject matter jurisdiction, the complaint fails to state a claim upon which relief can be granted, and this court should abstain from intervening in the state workers' compensation case.

First, these defendants contend that there is no diversity in this case. All of the parties are in Nebraska, and there is no claim for any damages. Plaintiff merely seeks "justice." The court agrees with the defendants. The burden of proof is on the plaintiff to show diversity, and he has failed to do so. See *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Second, the plaintiff has plead nothing that raises a federal question in this case. As stated by the Eighth Circuit: "We take this opportunity to emphasize that violations of state laws, state-agency regulations, and, more particularly, state-court orders,

do not by themselves state a claim under 42 U.S.C. § 1983.  Section 1983 guards and vindicates federal rights alone.". *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). Third, the court agrees that there is no claim against OPPD, the OPPD board members, or their attorneys, James L. Quinlan or Sarah L. McGill.  The court has carefully reviewed the complaint, and there are no cognizable claims against any of these defendants.  At one point in time plaintiff might have had a claim against OPPD for wrongful termination in 1999, but those claims have long passed the four-year statute of limitations for wrongful termination.  See *Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 238 ( Neb. 2006).

Finally, these defendants contend that the court should abstain from reviewing the decision of the state Workers' Compensation Court.  The court agrees with the defendants and will so abstain.  See *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1506 (8th Cir. 1992)) ("*Burford* abstention applies when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws.")

The court agrees that these defendants should be dismissed from this lawsuit.

2. *Filing No. 21*

Defendants Sheldon Gallner and the Law Office of Sheldon Gallner move to dismiss for the same reasons as set forth in Filing No. 18.  With regard to the subject matter jurisdiction claim, defendants contend there is no showing of a federal question.  Again, the court has reviewed the complaint against them and agrees that there is no basis for federal question jurisdiction.  With regard to diversity jurisdiction, the plaintiff and at least eight of the eleven defendants are Nebraska residents.  Further, there is no allegation that the matter meets the $75,000 controversy requirement.  Accordingly, the court agrees there is no subject matter jurisdiction over these defendants.  Because the court has no jurisdiction,

6

the court will likewise not exercise any supplemental jurisdiction over these defendants. See 28 U.S.C. § 1367.

With regard to the failure to state a claim, the court agrees with the defendants that the plaintiff has failed to do so. Again, the complaint seeks "justice" but does not make any specific allegations against these defendants. It does appear from the attachments to the complaint that plaintiff might be alleging some kind of malpractice back in 2000. Again, although the court does not believe such allegations are adequate to state a claim, in any event the complaint clearly indicates that the statute of limitations bars this action. See Neb. Rev. Stat. § 25-222 (in general in a professional negligence case there is a two-year statute of limitations, or one year after discovery, but in no event can it exceed ten years). For these reasons, the court finds the motion to dismiss should be granted as to these defendants.

### 3. Filing No. 28

Defendants Law Office of Melany S. Chesterman, Anderson, Ferguson & Aserno (sic), Law Office of Melany S. Chesterman-O'Brien with Hauptman, O'Brien, Wolf & Lathrop, P.C., and Melany O'Brien move to dismiss this case for the same reasons as set forth in the other motions. Again, these defendants raise the same issues as set forth previously regarding diversity and federal question jurisdiction. For the reasons stated in this Memorandum and Order, the court agrees there is no jurisdiction in this case. Likewise, the court finds there is no claim against these defendants. It again appears plaintiff is alleging some type of malpractice action which dates back to 2000. There simply is no claim on the face of this complaint that could be construed as a malpractice action against these defendants. Further, as stated with respect to the other lawyers and law firms, there is no possible way the claim, if any, would meet the applicable statute of limitations as set forth in Neb. Rev. Stat. § 25-222. Accordingly, the court finds this motion should be granted.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for reconsideration, Filing No. 40, is denied.

2. Defendants' motion to dismiss, Filing No. 13, is granted.

3. Defendants' motion to dismiss, Filing No. 21, is granted.

4. Defendants' motion to dismiss, Filing No. 28, is granted.

Dated this 7th day of October, 2013.

                                  BY THE COURT:

                                  s/ Joseph F. Bataillon
                                  United States District Judge